NEW-YORK,<br>May, 1829.

Patchin<br>v.<br>Trustees of<br>Brooklyn.

Judgment reversed.

---

## PATCHIN *vs.* THE TRUSTEES OF THE VILLAGE OF BROOKLYN.

ERROR on certiorari to the common pleas of the county of Kings. On the 30th September, 1825, the trustees of the village of Brooklyn presented to the Hon. Leffert Lefferts, first judge of the court of common pleas of Kings, a

*The authority given by the act relative to the village of Brooklyn to the trustees of the village, to take the lands of owners for the purpose of laying out or widening streets, includes in it the power to remove buildings.*

*In a proceeding under that statute relative to the assessment of recompense to the owners of lands taken for streets, the jury may be empannelled at any time before the return of the precept. They may come from the village of Brooklyn, though it would be more discreet to select others than the inhabitants of the village.*

*The common pleas cannot look into the regularity of the proceedings of the trustees. Such proceedings can be reviewed only by this court upon certiorari. It is the duty of the common pleas, however, to see that the jury are legally brought before them; and they have the power, and in the exercise of a sound discretion, they should postpone the proceedings before them on the ground of the absence of a material witness, without the fault of the party asking the postponement. Where a view is had under this statute, the jury should be attended by a proper officer.*

NEW-YORK, May, 1829.

Patchin
v.
Trustees of Brooklyn.

requisition in writing, stating that they had ordered the opening of a *new street* in the village, from Fulton-street to James-street, and had directed that a certain lot belonging to Jacob Patchin should be converted to and used for the purpose of opening such street, and that Patchin refused to treat or agree with them for the premises for a reasonable satisfaction ; they therefore prayed the issuing of a precept to the sheriff of the county of Kings, commanding him to empannel and return a jury to appear at the next court of common pleas in that county, to be holden at Flatbush on the third Tuesday of October then next, to inquire of and assess the damages and recompense due to Patchin for the lot in question, according to his right and interest therein. A precept was accordingly issued on the same day, containing such direction, and further commanding the sheriff to summon Patchin, by notice to be left at his last most usual place of abode, to appear before the court at the time and place appointed. No business was transacted at the October term of Kings common pleas, by reason of the sickness of one of the judges, and the processes and proceedings of the court were continued until the next April term. A new precept was issued of the like import as the first, on the 22d March, 1826, returnable on the third Tuesday of April next thereafter. At the April term the parties appeared. The sheriff returned the precept with a panel of jurors, and certified that on the 8th day of April (ten days before the term) he had left a summons, according to the requirements of the precept, at the dwelling house of Patchin.

The counsel of Patchin moved to set aside the panel of jurors on three grounds : 1. That the panel did not correspond with a list of jurors with which he had been furnished three days before by the deputy sheriff who had summoned the same, the names of two persons having been substituted in the place of two others whose names were on the list furnished ; 2. That the jurors came from the village of Brooklyn, and were interested in the event of the matter ; 3. That the jury had been summoned by a *deputy* of the sheriff, and not by the sheriff in person ; which motion was denied by the court.

The counsel for Patchin objected to the common pleas proceeding in the matter, until the regularity of the proceedings previous to the issuing of the precept by the first judge had been shewn, and read an affidavit that the pendency of the proceedings before the trustees had not been published in the newspapers printed in the village. This objection was also overruled.

It was further objected that the lot in question could not be taken for the purpose of a .street, inasmuch as there was a *house* on the premises ; which objection was also overruled.

A postponement of the proceedings was then asked for, on an affidavit of the absence of a material witness, who had been duly subpœnaed. This application also was denied.

The jury were then sworn, and instructed by the court that such of them as wished, might view the premises in question, and attend the court the next day. On the next day the jury came into court, and Patchin again applied for a postponement of the proceedings, on account of the continued absence of the witness before named, and the absence of other witnesses ; but the court refused to postpone the same. Witnesses were then sworn on the part of the trustees as to the value of the lot. The counsel for Patchin cross-examined the witnesses, and summed up the evidence, reserving however his objections. The jury retired to consider of their verdict under the charge of a constable, and returned into court with a verdict of $6700, as the amount of damages and recompense awarded by them to Patchin, for which sum the court gave judgment.

The proceedings were removed into this court by certiorari.

*G. Wilson*, for plaintiff in error. The common pleas had no jurisdiction in the matter until the preliminary proceedings were shewn to be in conformity to the requirements of the statute relative to the opening of streets in the village of Brooklyn. The proof offered was in the nature of a plea to the jurisdiction, and should have been received. (2 *Mod.* 373. 2 *Cowp.* 296.) The common pleas acted as commis-

sioners in this business, and not as a court. The bare return of the precept gave them no jurisdiction, unless the preliminary proceedings had been regularly had.

The motion to set aside the panel ought to have prevailed. The statute contemplates that the jury shall be summoned some time previous to the trial, so that a party interested may obtain a list of the jurors, and be prepared to challenge. The plaintiff here not only lost this privilege, but was misled. The jurors from the village of Brooklyn were interested. The duty of empannelling and returning the jury should have been performed by the sheriff in person, and not by deputy, as in cases of executing writs of re-disseisin and waste. (*Hob.* 13.) It is a special trust and cannot be delegated.

Although in the statute the general term *lands* is used, as designating the property which may be taken and appropriated in the laying out of streets, it cannot be intended that the legislature meant to give to the trustees of the village the power of taking *houses*. Under the general act regulating highways, it has been said that though there is no exception in terms denying the right of commissioners to prostrate buildings for the purpose of laying out roads, yet it has never been urged that such a right existed, (4 *Cowen*, 203 ;) and as in that case it was held that the terms " improved or cultivated land" are to be taken in the popular sense, according to the general understanding of the community, so here it is urged that " lands" should be so understood.

The court erred in not postponing the proceedings when the plaintiff shewed the absence of a material witness whose attendance he had used due diligence to obtain. They also erred in permitting the jury to separate after they were sworn, before pronouncing their verdict.

*J. Greenwood,* for defendants. The common pleas, in holding the inquest in this case, acted in a limited character, and had no right to inquire into the preliminary proceedings. They were strictly confined to the authority delegated by the act under which the proceeding was had. Their powers do not come within the general authority and jurisdiction of a

NEW-YORK,
May, 1829.

Patchin
v.
Trustees of
Brooklyn.

court; and in the performance of the duties required by the statute, the judges act collectively as commissioners rather than as a court. (20 *Johns. R.* 269. 6 *id.* 1. 7 *id.* 741.) Had the preliminary proceedings been returned, and they had appeared to be irregular, this court could not have acted upon them, because they would be considered as returned without warrant. (2 *Caines,* 179.) The remedy of the party is perfect by certiorari to the trustees, or by action of trespass. (2 *Johns. R.* 190. 4 *Cowen,* 190.)

The authority to take *lands* authorizes the taking of lands with houses erected thereon. It is a first principle in the construction of statutes, to take into consideration the subject matter of legislation. This act was passed in 1824. The trustees (Brooklyn then containing a population of 12,000,) are authorized to *widen* and alter all public streets, &c. already laid out, and to lay out and make such other streets as they shall think necessary or convenient, &c. *Lands* having buildings thereon, are manifestly within the purview of the statute.

The record alleging that the return of the jury was made by the sheriff, the party cannot object that the service was performed by deputy; he cannot contradict the record. (2 *Bacon's Abr.* 218.)

The court had a discretion in refusing to postpone the proceedings. The nature of the inquiry being such that no witness could have any peculiar knowledge on the subject, the value of the property could as well be shewn by one witness as by another. Nor was there any error or irregularity in permitting the jury to separate after they were sworn. The rules of proceeding on trials at *nisi prius* do not apply.

*By the Court,* SAVAGE, Ch. J. This case comes before us upon a certiorari to the court of common pleas of the county of Kings, returning their proceedings in relation to the opening a street in the village of Brooklyn.

The 5th section of the act of April 9, 1824, which relates to the village, gives power to the trustees, under certain circumstances, "to widen and alter all public roads, streets

VOL. II. 49

NEW-YORK,
May, 1829.

Patchin
v.
Trustees of
Brooklyn.

and highways already laid out in the said village, to such convenient breadth, not exceeding sixty feet, as the said trustees, or a major part of them, shall judge fit." The act also gives power to lay out new streets, if the owners of the lands will consent to the same. "And if in widening or altering any such road or street now in being, or if in laying out any public road or street hereafter, or in widening or altering the same, the said trustees shall take or require for such purpose the *lands* of any person or persons, they shall give notice thereof to the owners or proprietors of such lands," &c. The statute proceeds to direct that the trustees may treat with the owners, and agree with them as to the satisfaction for the lands taken ; but if the owner will not treat, then any judge of the court of common pleas of the county of Kings is required, on the requisition of the trustees, to issue a venire returnable before the court of common pleas at the next term thereof, not less than fourteen days from the date thereof, to assess the owner's damages, and at the same time to give notice of such assessment to such owner; which jury, having been sworn and viewed the premises if necessary, shall assess the damages ; and the payment or tender and refusal of the amount shall authorize the trustees to cause the land to be converted to the purposes of a street.

At the April term of the court of common pleas for Kings county, a venire was returned, issued by Judge Lefferts, first judge of said court, upon the requisition of the trustees of Brooklyn. Several objections were raised, which will be considered in the order in which they appear on the record.

1. The defendant's counsel moved to set aside the panel of jurors attached to the jury process, on the ground that the panel was different from one previously made by the sheriff, a copy of which had been given to the defendant's counsel.

The statute requires the sheriff to empannel and return a jury to appear before the said court of common pleas, at the then next term thereof, not less than fourteen days from the date of such precept, to inquire of and assess the damages and recompense due to the owner or owners of such land, and at the same time to summon the owner or owners of such

land, his, her or their agent or legal representative, by notice to be left at his, her or their last most usual place of abode, to appear, &c.    According to the statute, the sheriff must empannel and return the jury, not less than fourteen days from the date of such precept.    The statute requires no particular time of empannelling the jury before the return of the process ; the panel, therefore, was unobjectionable.

2. It was objected that the jurors came from the village of Brooklyn, and that they were summoned by a *deputy sheriff.* The deputy sheriff had power to act : generally when any power is given to the sheriff, as a public officer, he may act by deputy ; and though the jurors from Brooklyn might be impartial, still it would have been more discreet to have selected others than the inhabitants of the village, that they might be entirely unbiassed.    I do not say, however, that this was good cause for setting aside the panel.

3. It was also objected that the proceedings of the trustees were irregular, and should have been inquired into, but the court thought otherwise.    In this the court was right : they had no control over the proceedings of the trustees; they can only be reviewed in this court upon certiorari, precisely as we now review the assessment made by the common pleas. The court saw that the jury process had been issued by one of themselves, on the requisition of the trustees ; and further than this the court could not look to the regularity of the proceedings ; but they were bound to examine whether the jury had been legally brought before them.

4. It was objected the proceedings were not warranted by law, inasmuch as there was a house on the land proposed to be taken, and the statute only authorized the taking of *lands.* The act authorizes not only the laying out new streets, but the widening old ones ; and it was known to the legislature that the old streets could not be widened without removing buildings.    They probably intended to give the right to take the land, and also to remove from the land the buildings upon it.    The case is not analogous, therefore, to the highway act, which contains certain restrictions limiting the powers of the commissioners, and prohibiting their laying roads through

NEW-YORK,
May, 1829.

Patchin
v.
Trustees of
Brooklyn.

certain gardens and orchards. These are supposed to be protected from invasion, because they are appurtenant to the dwelling; and of course under that act the house itself cannot be taken. (*Clark* v. *Phelps,* 4 *Cowen,* 190.) The act relating to Brooklyn contains no restrictions as to lands, nor does it in terms authorize the taking buildings; but it seems to me that a fair construction of the statute gives the right to take land, and to remove whatever is upon such land, otherwise no improvement could be made in widening streets which were built upon.

5. The defendant's counsel moved for a postponement, on the ground of the absence of material witnesses. This was refused, not for the want of power, but because the court did not think proper, in the exercise of their discretion, to grant the motion. It is sometimes difficult to ascertain what is meant by discretion, but in putting off trials it is understood to mean legal, not arbitrary discretion; and the practice is pretty well settled, that a trial should be postponed in case of the absence of a material witness, without the fault of the party asking the postponement. The defendant had been guilty of no laches, and within the case of *Hooker* v. *Rogers,* (6 *Cowen,* 577,) enough was shewn to entitle the owner in this case to the postponement required. It is there said, the usual affidavit is enough on the first notice of trial, unless circumstances of suspicion appear, inducing a belief that the application is intended merely for delay. It is true, this is a special proceeding, but the provisions concerning view necessarily imply a power to postpone the trial. It has also frequently been held, that the judges act as commissioners; but they in some respects, at least, act as a court during the pendency of the proceedings, though, when they have once finally acted, they become *functus officio,* and cannot revise their own proceedings. I think a postponement should have been granted.

It seems to me, also, that where an assessment is to be made by a jury, the parties are to have the full benefit of this forum, as understood at common law, and of course, when it appears that a *view* was had, it should also appear that the

jury were attended by an officer. The substance should be preserved as well as the form.

On these grounds, I am of opinion that the proceedings of the court of common pleas should be set aside.