ALBANY,
Sept. 1831.

Starr
v.
Trustees of
Rochester.

---

STARR and others *vs.* THE TRUSTEES OF THE VILLAGE
OF ROCHESTER.

The supreme court has the power at common law to review the proceedings of all inferior tribunals, to pass upon the *jurisdiction* of such tribunals, and to review all *legal decisions* made by them, but not their determinations upon *questions of fact*, which are *conclusive*, unless a power of review is given by statute.

To a *certiorari* issued by this court, an inferior tribunal is bound to return so much of the facts of a case as will enable this court to determine whether such tribunal had *jurisdiction of the subject matter* adjudicated upon ; and accordingly *it was held*, that the trustees of the village of *Rochester*, who, by the act of incorporation of the village, are authorized to *widen streets*, provided such streets do not run across or over the site of any house or building, the expense of removing which will exceed $100, *were bound to return*, whether or not it was known to them at the passing of a resolution for the widening of a street, that such improvement would interfere with a building, the removal of which would cost more than $100.

The *consent* of the *owner* of a building to widen a street in the village of Rochester, although the expense of removing the building will costs more than $100, does not confer jurisdiction upon the trustees, unless, *it seems*, the owner would limit his claim to damages, to that sum; if he claims beyond that sum, the owners of property benefitted, those who are to pay the mapages, have the right to object to the proceeding.

Although a party has his remedy by action where a tribunal acts without jurisdiction, he may notwithstanding seek a *reversal* of the proceedings by *certiorari*.

In a proceeding relative to the laying out of streets, wherein the president of a village, trustees, commissioners, and assessors, are *actors, certiorari* lies ; and it may be directed to each of those officers ; but *it seems* a certiorari should be directed to them *separately*, and not to all included in one writ.

A *certiorari* to bring up the proceedings of an inferior tribunal into this court, must be *allowed* by the court, and cannot be allowed by a *commissioner*.

ALBANY,
Sept. 1831.

Starr
v.
Trustees of
Rochester.

September 22.

In June, 1827, the trustees of the village of Rochester passed a resolution to widen a *street*, and in carrying the resolution into effect, part of a building then erecting, called the Globe Building, was taken; the owners *consenting* to the alteration of the street, upon payment of damages. Their damages were assessed by a jury at $500, but they appealing from such assessment, commissioners were subsequently appointed by this court, who assessed the damages at $800 ; and in April, 1829, the president of the village, in pursuance of the statute incorporating the village, rendered judgment for the amount. In September, 1829, the damages thus allowed were assessed upon the *owners* of *property benefitted*, several of whom in January, 1830, sued out a *certiorari* to remove the proceedings into this court, (the certiorari being allowed by the first judge of Monroe county, a commissioner, &c. ) they insisting that the statute, under which the trustees acted, prohibits the altering any street so as to run across or over the site of any house or building, *the expense of removing, which exceeds $100. Laws of 1826, p. 112, § 21, 25.* The certiorari was directed to the trustees of the village ; the commissioners appointed to assess the damages of the owners of the Globe Building; the assessors upon the property benefitted ; and to the president of the board of trustees. The trustees made a return. A motion is now made on the part of the plaintiffs for an additional return, on the ground of the insufficiency of the return made, to enable this court to do justice in the premises ; and on the part of the defendants a cross motion is made that the *certiorari* be superseded or quashed, &c.

*S. Boughton,* for the plaintiffs.

*M. T. Reynolds,* for the trustees.

ALBANY,
Sept. 1831.

Starr
v.
Trustees of
Rochester.

*By the Court*, SAVAGE, Ch. J.   There can be no doubt of the power of this court at common law to review the proceedings of inferior jurisdictions; this power is not taken away by implication, by a similar power being given to another tribunal.   The common law powers of this court, however, are confined to an examination of the jurisdiction of such inferior tribunals, and to questions of law arising out of their proceedings; not to an examination of their decisions upon questions of fact.   Upon such questions their decision must be final, unless the statutes have provided a mode of review. It may be, and indeed is necessary for them in their returns, to state such facts as are necessary to shew their jurisdiction.   A record contains a recital of facts, but not evidence. Wherever a simple question of fact has been decided by an inferior tribunal authorized by law to decide such question, this court will not review such decision unless directed so to do by statute.

Previous to the act of 1824, it was the duty of a justice to return to all the facts contained in the affidavit upon which the certiorari was allowed; and it was the duty of this court to decide the whole case according to law and justice.   Such, I apprehend, is the case now with respect to certioraries to justices, returnable in the courts of common pleas; but to this court nothing need be returned but the record.   In *pleading*, so much of the proceedings of all inferior tribunals must be stated as will shew jurisdiction; so in making a record of their proceedings, which must contain a true history of the proceedings of the court or tribunal itself, it should be shewn that it acted in a case where it had jurisdiction.   Suppose in this case the plaintiffs had not brought a *certiorari*, but had permitted the collector of the village to take their property to pay the assessment, and had then sued the trustees; in their plea of justification, the trustees would have been bound to shew that they had jurisdiction; it would not have been enough for them to state that the owners of the building had consented to the taking the site of their building so far as jurisdiction was concerned, but they would have been bound to state that the expense of removing the building would not exceed $100; that is the fact necessary to

give jurisdiction in a case where a building is to be removed, and not the consent of the owner. Should the owners indeed stipulate to remove the building or buildings for $100, that might, perhaps, give jurisdiction in a case where the actual expense would exceed that sum; but that point it is unnecessary to agitate here. In this case, the affidavit states that it was known to the trustees that the expense would exceed $100; and the proceedings of the 13th June, 1827, shew that the street was to occupy the site of a building which they would have no right to take, in their opinion, and hence the recital that the owners stipulated to waive any objection, so far as it affected the jurisdiction. Now I apprehend that the owners of the building were not the only persons who had a right to object. They were to be paid for all the expense, as they supposed; there was therefore no very good reason why they should object; but those who were to pay had sufficient reason for their objections, and the conclusive reason is that the law gave the trustees no power in such a case; their acts were without authority, and void. The plaintiffs therefore have a right to call on the trustees to state explicitly how that fact was. It may be said that these plaintiffs have their remedy by action, and therefore a certiorari does not lie. Where there is no jurisdiction, there is a remedy by action; but that does not deprive this court of jurisdiction, nor prevent a party injured from pursuing this remedy. There are many cases in our reports of justices' judgments reversed, where they were utterly void. There can be no doubt that a certiorari properly lies, in this case, directed to the trustees. It is unnecessary to say whether, in a given case, it might not be properly directed to the president, to the commissioners, and the assessors. I have no doubt it may. The president gives a judgment; he acts judicially, and so do the commissioners in part; but it seems to me that if it were necessary, one writ is not sufficient. The trustees upon whom the writ in this case was served, make return to it. It cannot be served upon the others to whom it is directed; nor do I see any error of the others to be corrected in this way; the fatal error was committed by the trustees.

The certiorari in this case is irregular in being multifarious in its direction; perhaps, however, that is only surplusage; but it was *irregularly* issued, not being allowed by this court. My opinion is that this certiorari must be quashed, with costs; and that a new certiorari be allowed, directed to the trustees, whose duty it is to return to the question whether or not it was known to, and perfectly understood by them, that the removal of the front wall of the Globe building would cost more than one hundred dollars.