JOHN F. H. DAGET, plaintiff in error, agt. THE COMMISSIONERS OF THE ALMS HOUSE and BRIDEWELL of the city of New-York, *ex rel.* MARGARET HOEFFELE, defendant in error.

A common law certiorari cannot be allowed by a circuit judge, or any judge at chambers. (*See ante, p.* 136; 5 *Wend.* 98; 6 *id.* 564; 9 *id.* 433.)

*September Term,* 1846.

MOTION by defendants in error to quash a certiorari.

This was a case of appeal from an order of filiation made by Garrit Gilbert and Robert Taylor, Esqs., special justices of the peace, &c., in the city of New-York, to the judges of the court of general sessions of the peace, in and for the city and county of New-York. This cause was tried on the 17th of February, 1844, and the court affirmed the order of filiation in all respects.

On the 10th of February, 1844, W. KENT, Esq., circuit judge of the first circuit, allowed a common law certiorari to remove the proceedings *into this court. [*257] The return to the writ contained an affidavit of the attorney for plaintiff in error, giving the testimony, &c., in the case, and the original order of filiation and the writ of certiorari.

Campbell agt. Clark.

G. R. J. BOWDOIN, *defendant's counsel.*
WM. W. CAMPBELL, *defendant's attorney.*
A. TABER, *plaintiff's counsel.*
F. H. B. BRYAN, *plaintiff's attorney.*

Defendant's counsel insisted that a common law certiorari could be allowed, only by the court on cause shown. (5 *Wend.* 98; 6 *Wend.* 564; 9 *id.* 433; 2 *Howard,* 136.) Also, that no papers or record, showing that the general sessions obtained jurisdiction by appeal and made any decision therein, had been returned in this case. The affidavit of the attorney was no part of the return, and until a final decision or judgment, a certiorari could not be allowed. (2 *R. S.* 390.)

BRONSON, Chief Justice. A common law certiorari cannot be allowed by a judge at chambers; and, besides, the writ in the present instance brings up no question which can be reviewed in this form of proceeding. *Ordered,* that the writ of certiorari allowed by the circuit judge of the first circuit in this cause be and the same is hereby quashed.