## BUELL and others *vs.* THE TRUSTEES OF THE VILLAGE OF LOCKPORT.

In an action of debt upon a judgment rendered against the village of Lockport, by the president of the village, upon confirming an assessment for laying out a street under the 46th section of its charter, the defendants can not set up as a defense that the proceedings for laying out the street were irregular; or that the street laid out ran across or over the site of a building or buildings, the expense of removing which would exceed $100.

Such a judgment is final and conclusive against the trustees; and they can not impeach it, except for want of jurisdiction, appearing on the record, or by some matter *dehors,* which can be shown without contradicting it.

After a jury has assessed the damages for removing a building, and for the land, at less than $100, and judgment has been rendered upon their verdict, the trustees, in an action upon the judgment, can not show by parol, or by the opinions of witnesses, that the expense of removing the building would exceed $100.

When an assessment for opening a street has been made, and confirmed by the trustees of Lockport, and judgment has been rendered against the trustees, for the amount, by the president of the board, the neglect of the trustees to open the street will not destroy the right of action upon the judgment by the owner of the property taken.

THIS cause was tried before Mr. Justice Hoyt at the Niagara circuit, in February, 1850, and a verdict was rendered for the plaintiffs for $2082,70. The defendants tendered a bill of ex-

ceptions, and now moved for a new trial thereon. The action was in debt, and was commenced in 1845, to recover the amount of a judgment rendered by the president of the board of trustees of the village of Lockport, on the 26th day of August, 1839, for damages assessed and awarded to the plaintiffs, occasioned by laying out Saxton-street, in said village, across their lands, amounting to $1200, with interest from said 26th day of August, 1839, when the assessment was confirmed by the board of trustees and judgment rendered thereon by the president of said board. Section 36 of the act incorporating the village of Lockport, passed March 26, 1829, provides " That the board of trustees may lay out and open any street, alley, road or highway, in any part of said village, and cause any street, alley, road or highway already laid out therein, to be opened, and altered or discontinued when and as often as they shall judge the public good may require the same to be done ; but that such street, alley, road or highway shall not be laid out or altered so as to run across or over *the site of any building, the expense of removing which will exceed one hundred dollars, for any one street or object.*" (*Laws of* 1839, *p.* 140.) Section 43 of the same act also provides, that " if, in the opinion of said board of trustees, the public interest of said village shall require that any street, lane or alley therein, should be altered by widening or altering the course of the same, or that any new street should be laid out and opened in said village, and that the land of any person is necessary to be taken for either of said purposes, including the site of any building or buildings, *the expense of removing which shall not exceed one hundred dollars*, the trustees shall have power to alter, lay out," &c. The section then provides for treating with the owner for the damages to the lands proposed to be taken, and for the issuing a precept to a jury to assess such damages ; and then provides that " the verdict of such jury, and the judgment of the president of the board of trustees thereon, and the payment of the sum of money so awarded and adjudged to the owner or owners thereof, or the tender and refusal thereof, shall be conclusive and binding against the said owner or owners." Section 46 provides, that

in case of non-payment on demand, with interest, or in case where the parties shall be known and named in the precept, if the said board of trustees shall refuse to pay the sum or sums so assessed, with interest from the time of judgment rendered upon said assessment, to the said parties or owners, or either of them entitled to the same, said owner or parties may sue for and recover the same from said board of trustees, together with interest ; *and the proceedings under the precept and proceedings antecedent thereto, shall be presumptive evidence against the defendants.*"

*H. Gardner,* for the plaintiff.

*J. L. Curtenius,* for the defendants.

*By the Court,* TAGGART, P. J.   The defendants seek to set aside the verdict, on the grounds, 1st. That the proceedings for laying out said street were irregular, and for that reason the plaintiff can not recover the damages assessed by the jury, notwithstanding the confirmation of such assessment by the board of trustees, and the judgment rendered thereon by the president of such board.   2d. That the street so laid out *ran across or over the site of a building or buildings, the expense of removing which would exceed one hundred dollars ;* and that it is competent to prove what such expense would have been, notwithstanding the verdict of the jury assessed the damages at less than $100, not only for removing the building, but for the land, and that such proof may be made by parol or by the opinions of witnesses.

I. The case of *Patchin* v. *Trustees of Brooklyn,* (2 *Wend.* 377,) was a proceeding under a statute containing provisions in many respects like the above cited provisions of the charter of the village of Lockport, but with this difference : the precept for a jury was issued by one of the judges of the court of common pleas, and was returnable before such court, and the question of amount of such damages tried in such court before the jury, summoned by virtue of such precept.   On the return of

the venire in *Patchin* v. *Trustees of Brooklyn*, it was objected that the proceedings of the trustees were irregular, but the objection was overruled. The supreme court say, on this subject, at page 383, "In this the court was right; they had no control over the proceedings of the trustees; they can only be reviewed in this court, upon certiorari, precisely as we now review the assessments made by the common pleas."

The same doctrine is reasserted in the same case in the court for the correction of errors. (8 *Wend.* 60.) The chancellor, in giving an opinion, says: "If these proceedings were void, the remedy of Patchin was to prosecute for the trespass, or to apply for an injunction to restrain them from pulling down his house, &c. and if they were voidable merely, they should have been corrected by certiorari directed to the trustees." And in a case between the same parties, (13 *Wend.* 664,) the same doctrine is reasserted.

So in the case of *Stafford* v. *Mayor of Albany*, (1 *John.* 1,) which was an action to recover the amount assessed to the plaintiff, the court say "the statute makes the assessment conclusive, and the rights of the parties were fixed when this suit was commenced. The subsequent interference of the court in setting aside the inquisition by reason of an alledged irregularity or defect in the precept, was unauthorized and can not affect the validity of the proceeding." (*See also same case, 7 John.* 541, *and Matter of Livingston-street in Brooklyn, 18 Wend.* 556.)

By reference to these authorities, it will appear that objections on account of irregularity in the proceedings can not be taken, even on motion to confirm the report. If so, most clearly such objection can not be sustained in an action brought on the report or verdict itself, or upon the judgment rendered upon the confirmation of such report or verdict. This principle is too well settled to be shaken, and all objections on account of mere irregularity, which do not go to the jurisdiction, must be disallowed; the objections on account of the qualification of jurors as well as all others.

II. If it appears from the proceedings, or if the defendants can show in a proper case, and in conformity to legal and estab-

lished rules of evidence, a want of jurisdiction, the whole proceedings must fall to the ground, including the plaintiff's right of action upon the judgment.

In *Starr* v. *Trustees of Rochester*, (6 *Wend.* 566,) in widening a street, part of a building called the Globe Building was taken. The owners' damages were assessed by a jury at $500, and the owners appealed from the assessment. Commissioners were subsequently appointed, who assessed the damages at $800, on which last assessment the president rendered judgment. The damages so assessed were apportioned upon the owners of the property benefited by the widening of such street, several of whom sued out a writ of certiorari. A return having been made to the writ, a motion was made on the part of the relators for an additional return, and a cross motion on the part of the defendants to quash the writ. The supreme court, in giving their opinion in that case, say that "if the trustees had been sued for taking property, they would have been bound to state that the expense of removing the building would not exceed one hundred dollars ; that is a fact necessary to give jurisdiction in a case where a building is to be removed."

So in case of *Cuyler* v. *Trustees of Rochester*, which was an action of debt brought to recover the amount of damages or judgment above mentioned in the case of *Starr* v. *Trustees of Rochester*. The defendants, in their plea, averred that "there was erected and standing a building on the ground which would *be taken, the expense of removing which would and did exceed the sum of one hundred dollars.*" The plea admitting that the owners of the building waived any objection to the alteration of the street. The court cite the above case of *Starr* v. *Trustees of Rochester*, and say, "on which occasion the chief justice considered this provision of the act, and gave, in my judgment, the true exposition of it. He held that the consent of the owners did not give jurisdiction to the trustees, as all corporators had also an interest in the question, being liable to pay the assessment or expense, and the prohibition in the cases where the expense of removing the building exceeded one hundred dollars, was as well for their benefit as the benefit of the owners of the building. It

Buell v. Trustees of Lockport.

was intimated in that opinion, that if the owners had stipulated to remove the building for $100, jurisdiction would have been given. This may be so, but in case of failure to perform such stipulation, by the owners, I apprehend the loss would fall personally on the trustees ; for in no event is the corporation to be subjected to an expense beyond one hundred dollars."

And again; "If it had been the intention or expectation of either party, that the expense of removing the building should be limited to one hundred dollars, it would have been very easy and natural to have said so. Be this as it may, as the fact of the limitation of the expense to one hundred dollars, and not the consent of the owner, is what gives jurisdiction, if at all, it should have been made distinctly and unequivocally to appear, and should not have been left to conjecture. For ought that appears before us, if the jury in the assessment of the damages and expenses, had allowed to the owners the whole expense of the removal of the building, we could not say it was erroneous, as we think the better opinion is that the owners, by the consent given, did not intend, nor did it necessarily carry along with it, a limitation of the expense."

It is not decided in either of the above cases, nor is any intimation given as to the kind of evidence which is admissible to prove the amount of the expense of removal, but in the case of *Starr* v. *Trustees of Rochester*, it distinctly appears that the damages were assessed in pursuance of the provisions of the charter at $800. And in the case of *Cuyler* v. *Trustees of Rochester*, it is alledged in the plea, and admitted by the demurrer, that the expense would exceed $100. The question of the admission of witnesses on the trial in the latter case, or of proving by affidavits or otherwise the estimated amount of the expense in the former, did not arise, and is not passed upon in any way. I have no doubt the questions decided in these cases are correctly decided, but they are not authority, beyond the decisions actually made.

In the case now under consideration the damages in one case are appraised, including the value of the land, at $55, and the proof in the other case, where a street was over the site of the building, was $15 or $20, falling far short of $100 in the aggregate.

Is not the verdict and judgment thereon final and conclusive, against the defendants? They instituted the proceeding to lay the street, issued the precept for the jury to assess the damages, affirmed the verdict of the jury and rendered a judgment thereon. It is true the statute makes this judgment presumptive evidence only; but I apprehend this provision does not limit the effect of the record. It is presumptive evidence of the facts contained in it, as against the defendants, and they have no right to impeach it except for want of jurisdiction appearing in the record, or by some matter dehors, which can be shown without contradicting it.

It is insisted by the plaintiff's counsel in this cause, and I think with great propriety, that the question of the expense of removing the buildings ought not to be tried by the opinion of witnesses; that the question of the legality of the street, and the rights of the parties connected with it, would be in perpetual surprise and uncertainty were that the rule. No owner could safely improve his land taken for the street, nor prosecute for the damages awarded him. No length of time would settle it as a street. The question might arise not only in the action for damages awarded, but upon the collection of assessments for its repairs and improvements; for the making of side and cross-walks; in actions for its obstruction and encroachment, and in a great variety of other ways.

In this case, the proof being allowed, witnesses will swear that the expense of removing the buildings will exceed $100. Another action is brought by some other owner, and witnesses differ in opinion, and the expense of removing is but $55, the amount assessed. Hence, in one case we have a street and pay the damages, and in the other we have no street and get rid of the damages. This will not answer; the defendants must be bound by their recorded proceedings. They can not be permitted thus to trifle with their own solemn judgment.

In the case of *Starr* v. *Trustees of Rochester*, the court say the trustees must answer " whether it was known and perfectly understood by them that the removal of the front wall of the Globe Building would cost more than $100." It seems by this that the trustees are in the first instance judges of the question

Buell v. Trustees of Lockport.

of jurisdiction. They are to determine as to the amount of expense of removal, and if it exceeds the $100 they have no jurisdiction. If in their judgment it will not exceed the $100, they have jurisdiction. If this were otherwise the verdict of the jury is conclusive. They having found the damage to the owner of the wagon shop at $55, that question is finally settled and fixed. No change can be made except in resisting the confirmation of the verdict, or upon appeal to the court of common pleas.

I am therefore of opinion that there was no error in rejecting the evidence offered, to prove that the expense of removing the building would exceed $100.

It is not necessary to decide the question whether the fact of a building being on land taken for said street, other than the plaintiff's, is in any event admissible. In the case of *Coles* v. *Trustees of Williamsburgh*, (10 *Wend.* 659,) the court say, "The plaintiff in error can not avail himself of any irregularity which may have happened in the appraisement of the value of the lands of others in which he had no interest, inasmuch as the assessment of the lands of each owner is separate and distinct, the one in no way dependent upon another. It is not for him to urge such objection." This was upon a certiorari to review the proceedings of the trustees of the village of Williamsburgh.

I am inclined to think, however, that a jurisdictional question goes to the whole assessment. If there is a want of jurisdiction as to any one lot, the whole street must be given up.

The remaining question, whether this action can be sustained in any event, is fully settled by the case of *Hawkins* v. *Trustees of Rochester*, (1 *Wend.* 53,) and the above section 46 of the charter, and the decision of the court of appeals in this cause.(*a*) And that the neglect to open the street does not destroy the right of action, is settled by the case of *The People* v. *The President and Trustees of Brooklyn*, (1 *Wend.* 318,) and *Matter of Anthony-street, New-York*, (20 *Id.* 618.)

I think a new trial should be denied, with costs.

[ERIE GENERAL TERM, April 26, 1852. *Taggart, Mullett, Marvin* and *Hoyt,* Justices.]

(*a*) See 3 *Comst.* 197.