BUELL and others *against* THE TRUSTEES OF LOCKPORT.

## *Assessment for land taken for a street.*

THIS cause has once been passed upon by the Court of Appeals. (3 Comst., 197.)

The court now held, that the record of the judgment pronounced by the President of the Board of Trustees in favor of the plaintiffs, for the amount awarded to them by the jury for the value of their land appropriated by the defendants for a street, was conclusive upon both parties, provided the defendants had jurisdiction to appropriate the land and cause the assessment to be made. [This conclusion disposed of nearly all the objections made by the defendants, not bearing upon the question of jurisdiction.]

That the offer to show that two of the jurors by whom the assessment was made had not the qualifications required by the charter, one being a non-resident and the other an alien, was properly rejected, as those facts did not affect the defendant's jurisdiction.

That the defendants had not a right under their charter to lay out or extend a street, which, in any part of its route, should run across or over the site of any building, the expense of removing which would exceed $100 ; but that the offer of proof on this subject on the trial did not bring the case within the terms of the restriction, and was, therefore, properly rejected.

That the remedy of the plaintiffs, to recover the sum adjudged to them, was properly pursued by action and not by mandamus. That such remedy was not only given by the express terms of the charter, but existed by the common law.

That the right of action occurred immediately upon the refusal of the defendants to pay the amount awarded by the jury, after the judgment pronounced upon the award, without any assessment or collection of the amount from the owners of the property benefited.

That evidence that the plaintiffs had remained in possession of the property appropriated for the street, and had sold and conveyed it by warranty deed, was immaterial, and was properly rejected, as it was the right of the defendants at any time after the award to take possession of the property, on paying or tendering the amount awarded, with interest.

(S. C., 11 Barb. 602 ; 8 N. Y. 55.)