NEW-YORK PRACTICE REPORTS. 181

Gardner agt. The Commissioners of Highways of the town of Warren

## SUPREME COURT.

ALEXANDER S. GARDNER agt. THE COMMISSIONERS OF HIGH-
WAYS OF THE TOWN OF WARREN.

*A common law writ* of *certiorari* can not be allowed by a justice of this court
or other officer at *chambers.* An application to the *court,* either at general
or special term, is necessary, the same as under the former practice. It is not
necessary, however, to give *notice* of such application.

The statute of 1847 (*Judiciary Act,* § 17) must be construed to apply to writs
of error and writs of certiorari authorized by *statute.*

*Otsego Special Term, October,* 1854. Motion on the part of
defendants to set aside a common law writ of certiorari for
irregularity. The grounds of the motion are fully stated in the
opinion of the court.

Mr. CRAINE, *for motion.*
JAMES HYDE, *opposed.*

CRIPPEN, Justice. It appears from the motion papers, and
from the admissions of counsel, that the writ of certiorari was
allowed by Justice MORRIS at chambers, founded on an affidavit
of the party applying therefor. No notice of the application
was given to the defendants. The proceeding was *ex parte*
and at chambers.

It is insisted by the defendants' counsel that the writ should
be quashed or set aside, on the ground that the allowance by
the judge at chambers was irregular. On a careful examination
of the practice as settled by the court in this state, it seems to
be entirely clear that a common law certiorari cannot be allowed
by a judge or other officer at chambers; an application to the
*court,* either at general or special term, is necessary to obtain
such allowance. So far as I have consulted the practice of
the court, the whole current of authority is one way, and seems
imperatively to settle the practice, requiring the writ to be
allowed by an order of the court. In a late case the supreme
court held that a copy of the order of the court allowing the
writ, should be served with the writ; or an endorsement on the
back of it should be made, setting forth that it had been allowed

by the court. (*Mott agt. Commissioners of Highways of Rush*, 19 *Wendell*, 640.)

It has been held in several cases that an application for leave to sue out a common law writ of certiorari must be made to the court. An order of the court, and not of a judge at chambers is required before the writ can be issued; without first obtaining such order the writ cannot be regularly issued. (*Comstock agt. Porter*, 5 *Wendell*, 98.)

In the case of *Starr agt. Trustees of Rochester*, the court quashed the writ because it was allowed at chambers by an officer possessing the powers of a judge of the court at chambers. That case holds that the application for such writ must be made to the court, and not to a judge at chambers. (6 *Wendell*, 568.)

The case last cited seems to be directly in point; the same identical question was presented there, and relied upon as is presented in the case now under consideration. The court placed the decision upon the ground that a common law writ of certiorari must be allowed by an order of the court, and not by a judge at chambers.

The court of king's bench in England, our own supreme court, and the courts of other states, have uniformly held to the same practice, to wit, that a common law certiorari is not a writ of right, but must be applied for in open court, and cause shown before it can be issued.

I do not understand the practice to require notice of the application to be given to the party against whom the writ is sought. If notice is given of such application, the opposite party may be heard in opposition to the allowance of the writ. Neither do I understand the learned counsel for the plaintiff to contend against the rule of practice as it existed under our former judiciary system; but it is insisted and urged upon the court, that the act in relation to the judiciary passed April 12, 1847, has changed the former practice; that express power is thereby conferred upon the justices of the supreme court to allow common law writs of certiorari at chambers. (*Laws of* 1847, *chap.* 280, *vol.* 1, *p.* 319.)

The counsel relies upon the two last clauses of § 17 of the act, for the authority of a judge at chambers to allow such writ.

Upon a careful examination of that section of the act, I am satisfied it has no reference whatever to the allowance of a common law writ of certiorari. At the time the act of 1847 was passed, many statutes were in force authorizing the allowance of writs of certiorari in special proceedings, &c., by a judge at chambers.

The language and scope of the 17th section of the act of 1847 will be entirely satisfied by confining its application to writs of error or certiorari allowed by statute. I have no doubt that such construction should be given to the above section, instead of extending the powers of the judges at chambers, as is contended for by the learned counsel for the plaintiff.

A great number of statutes exist where the writ of certiorari is expressly authorized, and the manner of allowance regulated for the removal of proceedings had before inferior tribunals into the supreme court for review. It will be found by consulting those statutes, that a judge at chambers is expressly authorized to allow such writs. I have no doubt that the act of 1847 was intended to apply to the statutory writs of certioari, and not to common law writs.

The practice under our new system has been the same, so far as it has fallen under my observation, as it was under the former system. Motions are frequently made both at general and special terms for the allowance of common law writs of certiorari. My own recollection is, that such motions have generally been made *ex parte*. It is not necessary to give notice of the application to the court for the allowance of the writ. If such notice is given, the opposite party may be heard in opposition to the allowance of the writ. (1 *Hill,* 195; 2 *Hill,* 398.)

The motion to quash the writ of certiorari in this case must be granted, with ten dollars costs.