SpeNCEr, J.
delivered the opinion of the court. It is made a question, whether a certiorari is grartable to remove into this court these proceedings, the statute bay *182 ing declared the decision of the ^'judges of the common pleas, on an appeal made to them, to be conclusive.
It is a position beyond contradiction, that the king’s bench, in England, (and this court is clothed with the same common law authority,) has jurisdiction, and may award a certiorari, not only to inferior courts, but to persons invested by the legislature with power to decide on the property or rights of the citizen, even in cases where they are authorized by statute finally to hear and determine. 4 Hawk. 144.
A certiorari has been held to lie to commissioners of sewers. In the case of Cardiffe Bridge, 1 Salk. 146, and 1 Ld. Raym. 580, a certiorari was granted to remove certain orders of justices of the peace, made pursuant to a private act of the parliament, for repairing the bridge; and it was there decided, that wherever new jurisdictions are. erected, be it by private or public act, they are subject to the inspection of the king’s bench by writ of error, certiora/ñ and mandamus. The authorities to this point are so numerous and uniform, that it cannot be necessary to enlarge. The necessity of a superintending power to restrain and correct partialities and irregularities which may be com-, mitted by inferior officers, is so obvious and indispensable, that the court ought by no means to deny themselves a jurisdiction of such salutary influence.
Though the general power of the court is indisputable, there are cases where they will not interfere. In the case of a poor rate, they will refuse the writ; as also in the assessment of the land tax, from a regard to the public inconvenience. The King v. King and others, 2 D. & E. 235. In cases, too, depending wholly on the discretion of persons authorized to do an act, this court hath refused to interfere; I allude to an application made for a mandamus to the commissioners of highways of Rhynebeclc. There the court perceived that its interference would be nugatory, because the commissioners had a discretion to lay out, or refuse to lay out, tbe road applied for. The present is a different case; the regularity of the proceedings is questioned, and most certainly the court cannot want jurisdiction to inquire into it, when a freeholder shall apply to them not to be disturbed in his freehold, but by proceedings conformable to law. The answer to the first exception is, that the certiorari having been directed to the judges of the common pleas, the court cannot require or expect from them a return of any proceedings not before them. The application may have been made by *the twelve freeholders, and still the judges have no knowledge of the fact: in our opinion, their authority to hear the appeal was confined- to the merits alone — the fitness or unfitness of laying out the road. Hence, on this return, to intend that the proceedings before the commissioners were irregular, merely because the judges have not returned them, would be unreasonable and unwarrantable.
The return answers both the 2d and 3d objections; the road was directed to be recorded, and was laid out as a public road.
As to the 4th objection, the return made by the judges, relative to the garden, is not to be regarded, for two reasons : 1. It is not asserted as a fact that the road ran through a garden improved four years: 2. It is inserted, without warrant, not being ordered to be returned, and is not to be regarded. 2 Salk. 492.
As to the 5th objection, the 18th section of tne act requires that all public roads, to be laid out, shall not be less than four rods. Where the commissioners are silent with respect to the width, in our opinion the court ought to intend that the road is of that width. We think, therefore, the proceedings ought to be affirmed. [1]
Judgment o” affirmance.

 See the ease of People ex rel. Woodward v. Covert, 1 Hill, 614; Allyn v. Commissioners of Highways in Schodack, 19 Wend. 342; see (sess. 36, c. 33, N. R. L. 232,) Commissioners, &c. v. Claw, 15 J. R. 537.