COMMISSIONERS *of Highways of the Town of* KINDERHOOK,
*against* CLAW *and another.*

IN ERROR, on *certiorari* to three of the Judges of the Court of Common Pleas, of the county of *Columbia*, to whom an appeal had been made by the defendants in error, under the 36th section of the *act to regulate highways*, sess. 36. c. 33. (2 *N. R. L.* 282.) against a determination of the plaintiffs in error, relative to the regulating and altering a highway in the town of *Kinderhook*, in the county of *Columbia.*

The affidavit of the plaintiffs, on which the *certiorari* was allowed, alleged, that no notice had been given to them, or to the town clerk of the town of *Kinderhook*, of the appeal, and that their decision had been reversed on an *ex parte* hearing. It appeared, however, from the return of the Judges of the Court of Common Pleas, that the town clerk did attend at the hearing, and produced the records of the town in relation to the subject of the appeal; but in their additional return they stated, that they do not know that any notice was given to the plaintiffs; and that it was stated to them by the attorney for the defendants, that the act did not require any notice; and that upon examining the act, they decided that no notice was required. The decision of the plaintiffs in error was reversed, solely upon testimony adduced by the defendants, without any examination of the road by the Judges.

*Vanderpool*, for the plaintiffs, contended, that the *commissioners* of highways ought to have had *notice* of the appeal. Although the statute did not require notice to be given, yet the act to be performed being *judicial*, a notice was necessary

the proceedings on the appeal will be reversed.

It is not sufficient that notice was given to the town clerk.

Wherever magistrates proceed judicially, both the parties to the proceedings are entitled to be heard, and notice to both is indispensably requisite. notwithstanding there is no direction in the act by which the tribunal is constituted, that notice shall be given.

*Note in margin:* On an appeal from the decision of the commissioners of highways to three of the Judges of the Court of Common Pleas, under the 36th section of the *act to regulate highways* (sess. 36. c. 33. 2 *N. R. L.* 282.) if the decision of the commissioners is reversed, a *certiorari* will lie, on the behalf of the commissioners, to remove the proceedings into this court; the right to bring a *certiorari* being reciprocal, and belonging as well to the commissioners as to the appellants. On an appeal from the decision of the commissioners of highways, relative to the laying out, altering, &c. a highway, the appellant must give notice of the appeal to the commissioners, and if such notice was not given, the commissioners may bring a *certiorari*, on which the proceedings on the appeal will be reversed.

NEW-YORK, sary. (*Bouton* v. *Neilson*, 3 *Johns. Rep.* 474. *Rathbun*
October, 1818. v. *Miller*, 5 *Johns. Rep.* 281.) A *certiorari* lies in this case,
KINDERHOOK to bring the proceedings before this court. (*Lawton* v.
v. *Commissioners of Highways of Cambridge*, 2 *Caines' Rep.*
CLAW. 179.)

*Van Buren*, (Attorney General,) insisted, that as the sta-
tute did not require any notice to be given either to the
owners of the land or to the Commissioners, on an appeal
from their decision, it was not necessary. In all those
cases in which a notice was deemed necessary, the act spe-
cially required it to be given, as in the 6th, 20th, 38th,
and 40th sections.

VAN NESS, J. delivered the opinion of the court. The
point made by the plaintiffs in error, is, that their proceed-
ings in regulating and altering the road in question, have
been reversed on appeal to three Judges of the Court of
Common Pleas, without any notice having been given to
them of the bringing of such appeal, and of the time and
place for hearing and deciding it. That a *certiorari* lies
to the judges to remove the proceedings had before them
on appeal from the commissioners of highways, into this
court, was decided in the case of *Lawton and others* v.
*The Commissioners, &c. of the Town of Cambridge.* (2
*Caines' Rep.* 179.) The *certiorari* there was brought by
the owners of the land against the commissioners of high-
ways; and there can be no question that the right to re-
move the proceedings on the appeal into this court is reci-
procal. The duty imposed upon the judges is strictly judi-
cial; they are to exercise a discretion, and to decide,
after inquiring into all the circumstances of the case; in
every proceeding of such a nature, both parties are enti-
tled to be heard, and notice to both is indispensably requi-
site. This principle has been so long and so frequently
settled, that it is unnecessary to cite cases in support of it.
There is a peculiar propriety in requiring notice to be given
in appeals from the commissioners under the highway act.
They act under their oath of office, in the discharge of a
public trust, and, it is to be presumed, in strict conformity

to all the requirements of the statute. An appeal to three judges opens the whole matter; and if the proceedings of the commissioners are liable to be reversed, without notice, upon the mere *ex parte* allegations and proofs of the plaintiff, the probability is, that their determinations would be overturned in every instance. If notice of the appeal be necessary at all, it clearly must be given to the commissioners. It is their act which is sought to be set aside; they know the facts upon which they have founded their proceedings, which it is their duty to defend and maintain, as the representatives of the town, in all matters pertaining to the regulating, altering, or laying out of roads and highways. Notice to the town clerk would be altogether useless, though in this case, no notice of the appeal was even given to him. The opinion of the court is, that the decision of the three judges on the appeal must be reversed.

Judgment accordingly.