Comstock
v.
Porter.

---

## COMSTOCK *vs.* PORTER.

Notwithstanding the provisions of the revised statutes authorising the removal of a justice's judgment by *certiorari* into the *common pleas*, such judgment may be removed into the *supreme court* by the same writ.

But the right to the writ to remove such judgment into the supreme court by *certiorari*, not being *ex debito justitiæ*, it cannot issue without leave obtained from the court on special application founded on affidavit.

Sept. 23d.

MOTION to quash a certiorari. The plaintiff sued out a certiorari to remove a justice's judgment rendered for the sum of $39 into this court. The certiorari was allowed by

a commissioner. without leave having previously been ob-
tained from the court.

*I. Clarke,* for defendant in error.

*W. C. Noyes,* for plaintiff in error.

*By the Court,* MARCY, J.   In this case a motion was made
at the last May term to compel a supreme court commission-
er to allow an appeal, which motion was denied.   4 *Wend.
R.* 203.   The party had lost his right to an appeal by neglect-
ing to make his affidavit within the time prescribed by the
statute.   The same officer subsequently allowed a *certiorari*
which this motion seeks to have dismissed.   The judgment
below exceeds twenty-five dollars, and consequently cannot
be reviewed by certiorari *by virtue* of the statute.   The party
suing out the writ stands upon his common law rights.   He
insists that although the statute provides for the review and
correction of judgments in a justice's court over twenty-five
dollars by an appeal to the courts of common pleas, yet the
right of this court to bring them here on writ of *certiorari* is
not expressly taken away.   The principle that a court of
general jurisdiction cannot be deprived of its powers by im-
plication is indisputable.   This court might probably, if there
was a fit occasion, bring the record of a justice's court here
on a *certiorari*, in a case not contemplated by the statute;
but it certainly was not intended by the legislature that a
concurrent jurisdiction with the common pleas should be ex-
ercised by this court in examining the judgments of justices'
courts in that manner.

Indeed it would rarely happen that the errors which might
require to be corrected could be discovered by the return
to a certiorari issued at common law.   The mere record of
a justice's judgment, which is all that such a certiorari would
bring up, without the evidence, or any of the interlocutory
decisions, would seldom show the errors which would be the
subject of complaint.   This court will not be forward to ex-
ercise a right which would be almost valueless to the party
seeking to call it forth, as long as the legislature has made
ample provision for those objects which are sought to be ac-

complished by its exercise. It is, however, urged that if the court are not by express statutory prohibition debarred from proceeding in a case like this by *certiorari*, it has the power, and therefore this motion must be denied. In answer, the enquiry is made, has this writ properly issued? If the court have the power to issue a certiorari in cases like this, it will wait before it does so until some peculiar circumstances arise calling for its exercise. In a case like this a certiorari does not issue as a matter of course; there must be a special application to the court for leave to sue it out.

In *Zinck* v. *Langton, Douglass,* 749, Lord Mansfield said that there was no doubt but the king's bench could, under particular circumstances, grant a *certiorari* to remove proceedings from a county palatine; but it was in that case superseded, because it was issued without laying any ground therefor. In the case of *Williams* v. *Thomas,* cited in a note to *Zinck* v. *Langton,* there was a motion to supersede a *certiorari,* because it had been sued out as of course and without any application to the court. Lord Mansfield said in that case also, "that the writ was not of course, and as it had been sued out without laying any foundation before the court, it must be superseded." "In all cases where a defendant applies for a *certiorari,* he must lay some ground for it before the court, supported by affidavit." The case now before the court is one to which these authorities should be applied. The right to the writ in this case is not *ex debito justitiæ.* Without cause shown to this court, it should not have issued. I regard it as having been sued out improvidently, and determine that it ought to be superseded.