## KELLOGG & KELLOGG vs. CHURCH.

A *certiorari* lies from this court to review a judgment of a justice of the peace, in cases where the statute authorizes the same writ to be issued from the common pleas.

COMMON law *certiorari* to a justice of the peace to review a judgment rendered by him in favor of Church against the plaintiffs in error. It appeared by the justice's return, that the suit was commenced by attachment issued at the instance of Church, on the allegation that the defendants had departed from the county with intent to defraud their creditors; and that the recovery was for $46,61, on an *ex parte* trial, the defendants not appearing or pleading. The affidavit upon which the attachment was issued, which was set forth in the return, was clearly defective upon grounds repeatedly adjudged by the court. Hence so much only of the case is reported as relates to the form in which the question was presented.

*B. F. Chapman,* for the plaintiffs in error.

*C. Shaffer,* for the defendant in error.

*By the Court,* BEARDSLEY, J. It is objected that the plaintiffs in error have mistaken their remedy; that they should have carried the case to the court of common pleas of the county where the judgment was rendered, and not to this court. That course certainly might have been taken; (2 *R. S.* 255, § 170,) but the legislature did not, by merely providing a new remedy, deprive this court of a well known branch of its common law jurisdiction.(*a*) The affidavit on which the attachment was issued being defective, the judgment must be reversed.

Judgment reversed.

(*a*) In *Comstock* v. *Porter,* (5 *Wend.* 98,) it is said that a *certiorari* will lie to this court upon a justice's judgment, in a case where the statute gives a remedy by *appeal* to the common pleas, and the same remark is repeated in *Wood* v. *Randall,* (5 *Hill,* 264, 269.) In the principal case the resort to the common pleas was by *certiorari.* It seems therefore that in either case a *certiorari* to this court will lie. See also *Ex parte Heath,* (3 *Hill,* 42, 52,) and *The People* v. *Covert,* (1 *Hill,* 674.) It is presumed, however, that in this class of cases the writ would not be allowed, except under special circumstances, as was said by Marcy, J. in *Comstock* v. *Porter.*