THE STATE (C. VAN VORST, PROSECUTOR,) v. KINGSLAND (CLERK OF VAN VORST TOWNSHIP).

1. The power of the townships to raise tax for schools, granted by the 29th section of the township act, passed April 14, 1846, (*Rev. Stat.* 1028) is restricted by the 4th section of the school act, passed April 17, 1846, (*Rev. Stat* 938) to an amount not exceeding double the sum received from the state.

2. On a *certiorari* to correct a tax assessment, of which no one but the prosecutor complains, the court will not set aside the whole assessment, if it can give proper relief to the prosecutor without so doing.

3. Where the allowance of a *certiorari* is a matter of discretion with the court, the court may upon the argument, if the ends of justice require it, dismiss the *certiorari* on their own motion.

*Certiorari* to E. W. Kingsland, clerk of the township of Van Vorst, in the county of Hudson, argued before Justices NEVIUS and CARPENTER.

This writ was issued to bring up the proceedings of the annual town meeting of 1849, touching the raising and appropriation of certain taxes for the support of schools.

*Zabriskie,* for C. Van Vorst, the prosecutor of the writ.

The return shows that $1400 was ordered to be raised for the use of schools. The affidavit of the clerk shows that this sum was raised for general school purposes, and the vote was not within the authority of the 29th section of the act 14th

April, 1846, *Rev. Stat.* 1029. Less than $100 was received from the state. The township had no right to vote for a school tax generally, to more than twice that amount. Act April 17, 1846, *Rev. Stat.* 398; *The State* v. *Albright, Spenc.* 644.

A majority of the town meeting, as it seems, did not agree to the vote; a plurality of votes is not sufficient. *Rev. Stat.* 1029, § 29.

The 29th section referred to was repealed by act March 2, 1849, *Pamph.* 310. The action under the vote was subsequent to the 4th of July, when the repealing act took effect, and was therefore without authority of law and void.

*J. D. Miller,* contra.

The school was established under the 29th section, and was within its provisions. One hundred scholars were taught free of expense, and others permitted to attend at reduced prices. The decision in *Spencer* was made under acts not quite identical with the act of 1846.

The 29th section does not require the vote to be specific as to the precise purpose to which the money shall be applied.

The vote was taken before the act of March 2, 1849, went into effect, and was a lawful vote, not affected by the subsequent operation of that act. The vote was taken on April 9, 1849.

A majority did vote for the school tax. 312 votes were cast, of which 159 were for the sum of $1400 to be raised for the use of schools.

CARPENTER, J., delivered the opinion of the court.

At a town meeting of the township of Van Vorst, held April 9, 1849, by a vote of a majority of the voters, it was resolved to raise the sum of $1400 for school purposes. By the poll list, it seems that 312 votes were given, of which, according to the affidavit of the clerk, 159 were in favor of the proposition. The vote was general—"School tax $1400." The legality of that vote, and of the consequent action of the town meeting, is the question brought up by this *certiorari.*

By the 29th section of the township act, passed 14th April, 1846, (*Rev. Stat.* 1029) the inhabitants of the several town-

ships are authorized to vote such sum of money as the majority may agree upon, to be expended under the direction of the town committee, for the education of poor children ; and also for the erection and repair of school houses, or the establishment of free schools and their support. This act incorporates in one section distinct enactments in prior statutes thus re-enacted in the revision. So much of the section just cited as relates to the schooling of poor children, will be found in the 9th section of the act passed 22d May, 1820, *Rev. Laws* 725 ; *Elm. Dig.* 577, *pl.* 31. So much of the same section as relates to the erection and repair of school houses and the support of free schools is copied *totidem verbis* from the act of 3d March, 1828, § 2. *Comp.* 187 ; *Elm. Dig. pl.* 36. By the 4th section of the act to establish common schools, passed 1st March, 1838, (*Pamph.* 246 ; *Elm. Dig.* 500,) the townships were severally authorized, at their annual town meetings, to raise, by tax or otherwise, in addition to the amount apportioned by the state, such further sum for the use of public schools as they might deem proper, not to exceed double the sum received from the state. This section was also re-enacted in the revision of 1846, in its present shape, differing only in this, that the further sum so raised is *to be equal to,* but not be more than double the amount of the apportionment by the state. Act 17th April, 1846, § 4, *Rev. Stat.* 398.

The construction and effect of this restraining clause in the school law were considered and settled in the case of *The State* v. *Albright, Spencer* 644. It was held in that case that the effect of the section last cited was to restrain the general authority given by the township act, and that the town meeting, over and above double the amount of the apportionment, could not even appropriate to school purposes moneys already in the treasury belonging to the township derived from other sources in the instance then before the court, being the interest on the surplus revenue. The legislature, since that decision, by a supplement to the school law, has authorized the townships to appropriate from the interest of the surplus revenue, and other funds *not raised by tax,* such sums for the support of public schools as they shall order at their annual town meeting, in

addition to the amount apportioned to them from the state school fund and the amount which they are required to raise by law. *Act 3d March,* 1848, *Pamph.* 146. But, except as so extended, the restriction as to the amount to be raised for school purposes still remains in force, and the decision in *The State* v. *Albright* is therefore directly applicable. The mere compilation of the several acts referred to in the revision cannot affect the construction already ascertained by judicial decision.

Were it otherwise, yet the 29th section of the township act does not authorize the raising of a sum of money for general school purposes, but for those only specified in the section.

This view renders it unnecessary to consider the effect of the act of 2d March, 1849, by which the 29th section was repealed, and whether a resolution adopted before the repealing act went into operation could be carried into effect after the authority under which the vote was had had been withdrawn.

We are, therefore, of the opinion that the resolution of the town meeting to raise the sum of $1400 by tax, being a sum largely beyond double the amount received from the state, was illegal.

But though this vote was illegal, we do not think that we are bound to proceed under this writ, and set the vote and proceedings aside. The money has been collected and disbursed under that vote without objection, so far as it appears, except on the part of the prosecutor, Cornelius Van Vorst. Much inconvenience might result from such judgment to the township, while, on the other hand, it is not necessary for the protection of Mr. Van Vorst, whose grievance will be redressed under another writ. The power of the court to restrain such proceedings, and which was exerted in the case of *The State* v. *Albright,* is indisputable. But there are cases when the court will not interfere with the assessment of taxes from regard to the public inconvenience, and particularly when not necessary for the protection of any individual who may complain. The writ will, in the discretion of the court under such circumstances, be refused or dismissed. *King* v. *King,* 2 *T. R.* 235 ; *Lawton*

v. *Commissioners of Highways*, 2 *Caines* 182; *Ryerson*, *J.*, 3 *Green* 323.

I am of the opinion that we shall properly exercise our discretion, even now, by dismissing, *propria motu*, this writ. The same course was taken in this court, after argument, in the case of *Haines* v. *Campion*, 3 *Har*. 49.

Writ dismissed without costs.

CITED in *State* v. *Quaife*, 3 *Zab*. 91; *State* v. *Bentley*, *Id*. 534; *State* v. *Clerk of Middletown*, 4 *Zab*. 124; *State* v. *Browning*, 3 *Dutch*. 535; *State* v. *Water Com'rs Jersey City*, 1 *Vr*. 250; *State* v. *Newark*, 1 *Vr*. 306; *State* v. *Blauvelt*, 5 *Vr*. 263; *State* v. *Jersey City*, *Id*. 400.