## The Town of Gallatin *vs.* Loucks.

Where, upon appeal from the decision of commissioners of highways, refusing to lay out a highway, commissioners are appointed by the county court to assess the damages to be awarded to the owners of the land, and the damages are assessed by them, and the board of supervisors directs the amount to be levied and assessed upon the taxable inhabitants of the town, and the same are so levied and collected, and paid over, by the commissioners of highways to the several persons through whose lands the road is laid; and subsequently, upon an application for a *mandamus* to compel the commissioners of highways to open the road, the supreme court decides that all the proceedings for the laying out of the road are null and void, no action will lie in the name of the town, against an individual to whom damages have been paid, to recover the amount, as so much money had and received by him for the plaintiff, on the ground that the consideration has entirely failed.

Those from whom the money has been collected, under such circumstances, are entitled to have it restored to them, and the land owners to whom it has been paid have no legal right to retain it; but the town, in its corporate capacity, has no connection with the transaction.

THIS action was tried at the Columbia circuit, in October, 1854, before Mr. Justice Harris, without a jury. The complaint alleged that an application had been made by one Sleight, for the laying out of a public highway in the town of Gallatin; that twelve freeholders had been sworn to examine and certify as to the necessity of the road; that they had examined the route of the proposed road, and after such examination, *eleven* of the jurors had certified that such highway was necessary; that the commissioners of highways refused to lay out the road, and the applicant appealed from their decision to the county court; that referees were appointed to hear and determine the appeal, and they ordered the highway to be laid out; that upon application for that purpose, commissioners were appointed by the county court to assess the damages to be awarded to the several owners of the land through which the road was laid; that such damages were assessed; that a statement of the damages so assessed was delivered to the supervisor of the town by the commissioners of highways, and the same was presented by the supervisor to the board of supervisors, and that board directed the amount to be levied and assessed

upon the taxable inhabitants of the town of Gallatin, and the same was so levied and collected; that the moneys so collected were paid over by the collector to the commissioners of highways, who paid the same to the persons through whose lands the road had been laid, and among others they paid to the defendant the sum of $285, the amount that had been awarded to him; that subsequently, upon an application for a *mandamus* to compel the commissioners of highways to open the road, the supreme court, at a general term thereof, held and declared that all the proceedings for the laying out of the road were null and void, and a judgment was rendered to that effect, and that thereupon the electors of the town appointed Isaac Miller, an elector of the town, to receive and recover back from the defendant the money received by him, and, if necessary, to commence an action therefor, in the name and on behalf of the plaintiff. The plaintiff claimed to recover the amount paid to the defendant as so much money had and received by him for the plaintiff, the consideration thereof having entirely failed. The defendant denied the allegations in the complaint.

The testimony upon the trial established the facts as they were alleged by the plaintiff.

*R. Peck*, for the plaintiff.

*H. Hogeboom*, for the defendant.

HARRIS, J. The proceedings for laying out the road were void from the beginning. One of the twelve freeholders sworn to examine and certify as to the necessity of the road having omitted to sign the certificate, neither the commissioners of highways, nor the county court, nor the referees who laid out the road, acquired any jurisdiction in the case. The assessment of damages was also unauthorized, and the tax levied upon the inhabitants of the town for the payment of those damages was illegal. Those from whom the money has been collected are entitled to have it restored to them; and the defendant has no legal right to retain it.

Town of Gallatin v. Loucks.

But I cannot see that the plaintiff in its corporate capacity, has any connection with the transaction. It is true that the money was collected from the taxable inhabitants residing within the limits of the town, but the town, as such, had nothing to do with the assessment or collection of the tax. The warrant under which the tax was collected was issued by the board of supervisors. The money was received from the taxpayers by the collector, and by him paid to the commissioners of highways, who paid it over to the defendant. In respect to the assessment and collection of taxes, a town is but a political division, organized for the convenient exercise of a portion of the political power of the state. It is no more a corporation than a judicial, or a senate or assembly district. (*Lorillard* v. *The Town of Monroe*, 1 *Kern.* 392.)

Though the taxpayers of the town may be entitled to have the money illegally collected from them refunded, the town is not liable. The officers through whose agency the money was collected were not the agents of the town, nor can the town be held responsible for their acts. Even if the town should recover the money, it would then be just as far from the reach of those from whom it has been illegally taken as before. There would be no means of compelling it to distribute the amount among those who had paid it to the collector. In any view that can be taken of the case, the plaintiff can only be regarded as a stranger to the cause of action. The defendant is therefore entitled to judgment.

[COLUMBIA SPECIAL TERM, October 9, 1854. *Harris*, Justice.]