Brodrick, J.
Appeal from justice of the peace on motion to discharge attachment.
Both cases came before the court in the same manner and alb the questions raised are common to both, except that in the first case the defendant is a domestic corporation, and in the second the defendant is a foreign corporation. In each case an attachment was issued and the writ was levied upon property of the defendant. In each case the affidavit set forth the nature of the claim to be for damages for breach of a contract.
In order to properly determine the power of the court under this proceeding, an examination of the statute under which this proceeding is prosecuted will be necessary.
Section 6494, Revised Statutes, provides as follows:
*606 “Provided, that in any case the defendant may make a motion before the justice of the peace to dissolve the attachment or release the property, money, or credits attached or garnisheed, either or both; which if overruled may be appealed by the defendant to the court of common pleas, if in session, or to a judge thereof in vacation, by giving notice to that effect to the justice of the peace, but no bond shall be required. Upon such notice of appeal being given, the justice of the peace shall forthwith transmit to the clerk of the court of common pleas all the original papers; and thereupon within three days- from such notice of appeal, or upon such further time as may be for good cause allowed, said court or judge shall hear and determine said motion in the same manner as though it was originally brought in said court of- common pleas and upon the final hearing said court or judge shall forthwith transmit the judgment with said original papers to said justice of the peace, which judgment shall be entered upon the docket of said justice of the peace as the final determination of said motion; and said attachment property, moneys and credits shall be disposed of as directed in said judgment. ’ ’
What is the meaning of the language, “Said court or judge shall hear and determine said motion in the same manner as though it was originally brought in said court of common pleas ? ’ ’ The proceedings in actions originally brought in the court of common pleas are proceeded in under Sections 5562 and 5563, Revised Statutes.
Section 5562 is as follows:
‘1 The defendant may, at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment, as to the whole or any part of the property attached; the motion may be heard and decided by the court at any term or regular session thereof, or it may be made, heard, and decided by any judge thereof in vacation. ’ ’
Section 5563 is as follows:
“When the motion is made upon affidavits on the part of the defendant, or papers and evidence in the case, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to the evidence on which the order of attachment was made. ’ ’•
*607 The manner then, in actions originally brought in the court of common pleas, would seem to be that the evidence to be used before the court or judge should be by affidavits, or such evidence as might be used in a reviewing court on error, as Section 5563a provides for proceedings in error.
The same rule ought to apply in'a hearing on motion to discharge an attachment before a justice of the peace, for under Section 6494 the hearing before the court or judge must be confined to the same evidence that was before the justice. It is due to the justice and due to the defendant that it be so confined, else an entirely different case might be presented before the court or judge than was heard before the justice. The jurisdiction of the court or judge in this case being appellate, it must strictly conform to the proceedings before the justice, for the only foundation for reviewing the decision of the justice is the ruling of the justice upon the motion to discharge. It would be unfair to the justice to permit other evidence to be heard in the court or before the judge, for the justice is entitled to have his decision reviewed in the same light in which the decision was given.
It would be unfair to the defendant, for if the plaintiff was permitted to give evidence before the court or judge that was not presented before the justice, the defendant might be subjected to the payment of costs and expenses upon a hearing not contemplated in the appeal. The motion, having been heard and passed upon by the justice, the defendant desiring to pursue the statutory remedy by appeal to review the decision of the justice is entitled to stand upon the letter of his appeal, and if the ruling of the justice was erroneous upon the evidence presented on the hearing before him, the defendant has the right to meet only the issues presented on such hearing on his appeal to a reviewing court or judge.
In construing the provisions of Section 6494, Revised Statutes, in the case of Williams v. McCartney, 10 C. C.—N. S., 161, as reported in The Ohio Law Reporter, Vol. 5, No. 30, the Circuit Court of Hamilton County, say:
“It is quite clear from the provisions of this section that all the court or judge of the court of common pleas can do when the *608 matter is brought before him is to ascertain whether the provisions of the statute have been complied with, and if so to proceed to determine whether the justice did right in overruling the motion, and to transmit his decision to the justice. There is no case pending in the court of common pleas. The case itself is still pending before the justice. It is not in the court of common pleas for any purpose* of a trial, is not to be heard upon evidence, is not subject to motion or demurrer; the only question is whether the justice ruled rightly in overruling the motion to discharge the attachment. ’ ’
From the foregoing I am of opinion that the only evidence allowable upon the hearing on appeal is the same evidence that was heard on the hearing before the justice, and if oral testimony was used on the hearing, unless a transcript of such evidence has been filed with the original papers before the court or judge on appeal, the oral evidence can not be again offered before the court or judge. Such practice would open the doors on the hearing before the court or judge to other oral testimony in impeachment and confirmation of such testimony, and when concluded the reviewing court would not be sure that he heard the case upon the same evidence that was used before the justice. When affidavits are used in suport of the motion, the safe practice is to rebut by affidavits and then the court is sure to have the identical evidence before it that was presented to the justice, and upon which his decision was based.
In the case of Seville v. Wagner, 46 O. S., 52, the Supreme Court fixes the rule of law to be that where the statements of the affidavit for an attachment are denied by the affidavit of the defendant, the burden of proof is upon the plaintiff to substantiate the averments. See, also, Market Nat. Bank v. Bethel, 32 B., 135; Costin v. Paige, 9 O. S., 397; Bradley v. Wacker, 13 C. C., 530; Kirk v. Stevenson, 59 O. S., 556.
One of the points insisted upon by counsel for the defendants is that the affidavit must set forth the nature of the plaintiff’s claim, and cites the case of Driscoll v. Kelley, 5 N. P., 243. While the court in that case seems to intimate that the affidavit should be more specific than a general statement “for goods sold and delivered,” but the court say, “But we will not disturb the *609 judgment and holding of the justice upon that ground alone.”
' On a careful examination of the authorities, I am of opinion that the weight of the authorities is against the principle intimated in the case of Driscoll v. Kelley.
It has been held that where an affidavit states “that there is due from the defendant to the plaintiff, for goods and merchandise sold and delivered by the plaintiff to the said defendant, in the sum. of $5,000” it sufficiently states the nature of the plaintiff’s claim. Constable v. White, 1 Handy, 45.
It has also been held that it is not necessary to allege the facts constituting the cause of action, as in a petition, but only “the nature of the claim” (Hover v. Hasloge, 5 N. P., 90). See, also, Northern Nat. Bank v. Maumee Rolling Mill Co., 2 N. P., 260; Orlopp v. Schueller, 4 O. C. C.—N. S., 611; Moyer v. Paff, Dayton, 268.
It would seem, therefore, that if the nature of the plaintiff’s claim is stated with sufficient certainty to apprise the court as to the character and kind of claim the plaintiff seeks to recover on, it will be sufficient on motion to'discharge the attachment. Attachment proceedings are merely auxiliary to an action for a money judgment. Siebert v. Switzer, 35 O. S., 661; Sifford v. Beaty, 12 O. S., 189; Rempe v. Ravens, 68 O. S., 113; Liebman v. Ashbecker, 36 O. S., 94; Central Sav. Bank Co. v. Langenbach, 1 N. P., 124.
The affidavit shows that in the first ease under consideration the defendant is a corporation, and it appears in the hearing that it is a domestic corporation, although the ground stated in the affidavit is that the defendant is a non-resident, but it does not appear in the affidavit that it has no officer in the county upon whom a summons may be served, or a place of doing business within the county.
If the plaintiff was allowed to proceed against a corporation, domestic or foreign, by attachment proceedings, either as a corporation or a non-resident, without alleging in his affidavit that such corporation had no officer in the county upon whom a summons may be served, or a place of doing business within the county, incalculable injury might be done and every cor *610 poration subjected to vexatious litigation. There is scarcely a railroad in Ohio that attachment proceedings could not be had against on the ground that it is a corporation, or that it is a nonresident ; and I am of opinion that the requirement of the statute in this particular is but a reasonable provision to cast around corporations a safe-guard to prevent annoyance that could not be prosecuted against individuals.
In the second case, the affidavit shows on its face that the defendant is a foreign corporation, and it is argued that a justice of the peace has no jurisdiction in attachment proceedings against foreign corporations. .
The first act of the General Assembly of Ohio regulating attachments in courts of common pleas and before justices of the peace was passed January 17,1824. This act did not provide for attachments against corporations. February 6, 1850, this act was amended, and among other things there was added jurisdiction in actions against “any corporation incorporated, or existing by the laws of any other of the United States. ’ ’ March 14, 1853, the law was again amended and instead of the words ‘ ‘ any corporation incorporated, or existing by the laws of any other of the United States,” the words “foreign corporations” were substituted and t£is became what was known as Section 28 of the Justice’s act (see S. & C., 776). April 3, 1891, said Section 28 was amended so as to read in the language now used in Section 6489, as follows:
“That the defendant, or one of several defendants, is a corporation, having no officer upon whom a summons can be served, or place of doing business in the county, or is a non-resident of the county. ’ ’
binder Section 28 of the Justice’s act (S. & C., 776) there is a very Interesting discussion of the subject of “Foreign Corporations,” by Judge Sutliff, in the case of Boley v. The Ohio Life Insurance & Trust Co., 12 O. S., 139. We gather from the opinion of the learned judge that the attorneys, who were eminent in their profession, must have argued the case orally, contesting every conceivable phase of the law. After reviewing the arguments of counsel, the court-say.:
*611 “In this state of the case, it would be difficult, if not impossible, for us to determine with certainty the legal interpretation of the words, ‘foreign corporation’ as used in this statute. ‘Foreign corporation’ does not seem to be recognized by the books, like ‘foreign bill’ as a legal term. We find corporations classified into public and private. And of private corporations, there are ecclesiastical and lay; and of lay there are the civil and the eleemosynary; but the elementary writers make no such classification as domestic and foreign corporations. ’ ’
In view of the specific language of the act of 1850 and that the words “foreign corporations” were not inconsistent with the language of the former statute, the court held that foreign corporations were intended by the amendatory act to mean the same as in the act of 1850.
In the case of Champion Machine Company v. Huston et al, 24 O. S., 503, the court held that a domestic corporation may be proceeded against by attachment before a justice of the peace, under Section 28 of the Justice’s act (S. & C.,s776) in a county of this state wherein it has no office or place of business, upon the ground that it is a non-resident of such county, and cites A. & A. on Corp., Section 109.
In the one ease then by statute, prior to 1891, justice's of the peace had jurisdiction by legislative enactment of actions against foreign corporations, and in the other it had like jurisdiction against domestic corporations by. judicial construction.
What better reason then could exist why the General Assembly of Ohio, in its amendatory act of 1891, should purposely omit the word “foreign,” so as to place all corporations, foreign and domestic, upon the same plane before the law, and alike amenable to the remedial processes of our laws. • •
Foreign corporations may contract in this state within the scope of their powers, and subject to the laws of this state, in the same manner that domestic corporations and individuals resident of this state or of other states may.
The courts have well said:
“And what greater objection can there be to the capacity of an artificial person, by its agents, to make a contract within the scope of its limited powers, in a sovereignty in which it does *612 not reside, provided such, contracts are permissible by tbe law of the place.” 1 Parsons Selected Oases (Pa.), 180, 225; 13 Peters (U. S.), 388; 12 N. Y., 495; 18 Wis., 109; 10 Mo., 1059; 11 Paige, 635.
Now if a foreign corporation has the right to make contracts within this state, the same as domestic corporations, what reason is there for exempting it from liability for those contracts?
I am of the opinion that the General Assembly of Ohio in the amendatory act of 1891 purposely amended'the law by omitting the word “foreign” as applied to justices of the peace for a purpose, and that purpose was to confer jurisdiction upon justices to proceed by attachment against corporations without regard to their domicile.
Foreign corporations transact business daily all over this state and exercise their powers upon the doctrine of comity, but this comity stops short of permission to exercise any powers in excess of domestic corporations. 38 Barb., 574; 128 N. Y., 205; 50 Fed. Rep., 338; 33 Am. & Eng. Corp. Cases, 15, 16.
Foreign corporations are sometimes by the legislation of a state made domestic corporations for certain purposes, as for jurisdiction. 12 Wallace, 65; 46 Fed. Rep., 47; 107 U. S., 581; 118 U. S., 161.
I am of opinion, therefore, that under Section 6489, Revised Statutes, justices of the peace have jurisdiction' against all corporations whether foreign or domestic, when the amount involved is within the jurisdiction of the justice.
Since the amendatory act making all corporations equal in rights of action against them under this statute, it would seem that if such corporations can be proceeded against as nonresidents of the county, then rights of action against them as “corporations” would be wholly useless.
Since the General Assembly of Ohio has made ample provision, thus removing the necessity for the decision of the Supreme Court in the ease of Champion Machine Co. v. Huston et al, supra, would that decision apply under Section 6489, quaere?
It is also urged by counsel in argum'ent that the defendant has no attachable interest in the property attached. This is not a *613 defense of which the defendant can avail itself. Suppose the defendant did not own the property at all, but it belonged to a third person; what right would the defendant have to fight another’s battle? The law makes ample provision for a third person to protect his rights by an action in replevin. The plaintiff is the only one who assumes any risk in attaching another’s property. The plaintiff can only subject the attached property of a non-resident, or a corporation under Section 6489, to the payment of any judgment he may obtain against the defendant. He can not issue execution for any balance that may remain unsatisfied; and what right has defendant to complain if plaintiff subjects some other person’s property in payment of defendant’s debt? Langdon v. Conklin, 10 O. S., 439; Bernard v. Schwartz, 22 C. C., 147; Kentucky Northern Bank v. Nash, 1 Handy, 155; Emerson v. Love, 2 W. L. M., 480; Boyer v. Maginnis, 20 B., 471.
M. B. Brown for plaintiffs.
West c§ West, for defendants.
So far as the original papers in these cases are concerned, it appears that the only evidence before the justice were the affidavits for attachments upon the one hand, and the affidavits of two parties for the defense in the first case and one for the defendant in the second case; so that the burden of proof being upon the plaintiff in each case, and the evidence being of equal weight, the justice of the peace ought to have sustained the motion and dismissed the attachment in each case.
The judgment of this court therefore is that the ruling of the justice of the peace in overruling the motion to discharge said attachment be and the same hereby is reversed, and that the decision of this court be sent to said justice of the peace aforesaid to be by him entered on his docket as the final determination of this ease, and that the original papers be transmitted to him.