THE PEOPLE ex rel. CHARLES A. BENJAMIN et al. *v.* THOMAS HILLHOUSE, Comptroller.

(GENERAL TERM, THIRD DISTRICT, MAY, 1869.)

On an appeal by the supervisors of the town of Watertown (under § 13, Laws 1859, chap. 312) from the decisions of the supervisors of Jefferson county, in the equalization of assessments, the comptroller made his determination, upon proofs taken before a referee, appointed by him for the purpose—*Held*, the statute gave him authority to do so.

* This decision was affirmed by the Court of Appeals, at the March Term, 1870.

The comptroller's decision upon the appeal, having been brought into this court for review upon a common law *certiorari*, it appeared from the return that he had united the personal and real estate, and thus had allowed the deduction of too large a sum from the amount assessed on the town by the county supervisors; the court corrected the comptroller's error, and modified his determination accordingly.

THESE proceedings came before this court by *certiorari* to the comptroller, to review his decision upon an appeal made to him by the supervisors of the town of Watertown, in Jefferson county, from the decisions of the board of supervisors of said county, in the equalization of the assessment rolls for 1866.

The board of supervisors assumed to equalize the assessment rolls of the different towns of the county of Jefferson, and the town of Watertown complained that injustice had been done to it by the action of said board in the premises. The tax thus apportioned to the town of Watertown, and paid by it, was $54,169.41. It claimed that the amount should have been only $32,977, and thus that there was an overpayment of $21,192. The comptroller, on the appeal to him, did not take the testimony himself, but appointed a referee to take it and report the same to him. The referee took the evidence of the parties, of the board and of the town, and reported it to the comptroller. The comptroller decided that the claim of the town was right, and ordered its allowance by the board accordingly.

*Brown* and *Beach*, for the relators.

*J. F. Starbuck*, opposed.

Present—MILLER, INGALLS and PECKHAM, JJ.

By the Court—PECKHAM, J. It is insisted by the board here, that the whole action of the comptroller was void, because he had no authority to appoint a referee to take the proof.

I think the objection without force. It is made the duty of the comptroller, on such appeal from the action of the

The People v. Hillhouse.

board of supervisors, "to hear the proofs of the parties," and, "after hearing such proofs, he shall determine," &c. But the "proofs may be presented in the form of affidavits, or otherwise, as *he shall direct.*"   (Laws of 1859, p. 705, § 13.)

It is clear that the comptroller could not himself attend in the different counties and take the proof, nor was it expected or intended by this act, that the witnesses should be called from the distant parts of the State, to the capital, to be examined there by the comptroller.   The act intended to vest in him the power to exercise a sound discretion, as to the mode and manner in which the "proofs" should be brought before him. I see no objection to this mode, and think his discretion well exercised.

On the part of the comptroller and the town of Watertown, it is insisted that as the facts stated in the return, show that he had jurisdiction of the case, of the parties and of the subject matter appealed to him, his action in the matter must be affirmed; that this court has no power, upon a common law *certiorari*, to review or correct any error committed by the comptroller upon the merits; that this court could not and would not examine the evidence though it was returned, excepting so far as was necessary to show that the comptroller had jurisdiction.

Whatever may have been regarded as the law, up to the decision of the two cases of *The People* v. *The Board of Police* (39 N. Y., 506), and *The People* v. *The Board of Assessors of Brooklyn* (39 N. Y., 81), I think these cases entirely dispose of this objection.

Upon the merits, it seems to be entirely clear, that the referee and the comptroller who adopted his views, made a plain mistake.   This occurred by reason of uniting the personal with the real property, in equalizing the assessment as to Watertown.   In looking at the real property alone (and neither the board nor the comptroller had any right to look at the personal), it is clear that the comptroller ordered too large a sum to be deducted from the tax of Watertown.   This, as I have said, was caused solely by mixing the personal and real

tax together. It appears by the facts and figures in the return of the comptroller, that the whole tax the board imposed upon that town, was $54,169. This includes both the real and personal tax. The amount of tax on the town, assessed and paid for real estate alone was $36,511. But it should have been, at the proper rate when properly equalized, $23,020. Hence the excess of the tax on the town (deducting this true from the excessive tax) is $13,491. The statute declares that "after hearing such proofs, the comptroller shall determine, whether any, and if any, what deductions ought to have been made from the corrected valuations of such town, city or ward;" and in after years the town, &c., shall get the benefit of the determination, if in its favor. The comptroller, therefore, should have "determined" that said sum of $13,491 was the amount or "deduction" that ought to have been made from the corrected valuations of said town of Watertown; and this court so orders and corrects and modifies the determination of the comptroller accordingly.