THE PEOPLE ex rel. THE BOARD OF SUPERVISORS OF WESTCHESTER COUNTY, RESPONDENTS, v. STERLING G. HADLEY AND OTHERS, STATE ASSESSORS, APPELLANTS.

*Appeal from Board of Supervisors to Board of State Assessors — a State Assessor absent on the hearing of the appeal may join in its decision — Who may apply for certiorari.*

When an appeal is taken from a determination of a board of supervisors, as to the equalization of assessments for the purposes of taxation, to the board of State Assessors, a member of the latter board, who was not present at the hearing, may nevertheless join in the decision of such appeal and act upon the proofs taken before his colleagues in his absence.

A *certiorari* to review the decision of the board of State Assessors upon such appeal must be applied for by the towns, or the taxpayers thereof, who are injured thereby; it cannot be issued upon the application of the board of supervisors.

APPEAL from an order made at Special Term, denying a motion to vacate the order and supersede the writ of *certiorari* granted on the petition of the relator to review a judgment of the State Assessors.

The board of supervisors January 6th, 1876, equalized the assessments of Westchester county, and the supervisor of Yonkers appealed to the State Assessors who decided that the action of the board of supervisors was erroneous.    The board of supervisors now seeks to review the action of the State Assessors on the grounds: 1. That the appeal was heard by only two of the three State Assessors. 2. That the three State Assessors, one not having heard the appeal, joined in the written decision.    3. That no testimony was offered on the trial, except only as to the town and city of Yonkers.

The motion to supersede was made upon the papers upon which the writ was ordered, also upon new affidavits and papers.

*Ralph E. Prime*, for the appellant.    The writ cannot issue except at suit of a proper relator, one having an interest in the proceedings.    (*Colden* v. *Botts*, 12 Wend., 239; *People* v. *Stryker*, 24 Barb., 654; *People* v. *Morgan*, 65 Barb., 473; *People ex rel. Sheridan* v. *Andrews*, 52 N. Y., 448.)    The board of supervisors has no interest in the controversy and hence is not a proper relator.    (*Newman* v. *Supervisors*, 45 N. Y., 676, 690.)    The writ was granted *ex parte* and if inadvertently granted or granted improperly, it will be superseded.    (*Munro* v. *Baker*, 6 Cowen, 396; *Bardner* v. *Supt. of Orange*, 9 Wend., 433; *People* v. *Supervisors of Allegany*, 15 Wend., 198; *People* v. *Rochester*, 21 Barb., 656, 665.)    It must appear that wrong has been done, and before allowing the writ the court should be so satisfied.    (*People* v. *Mayor of N. Y.*, 5 Barb., 43, 49; *People* v. *Supervisors of Allegany*, 15 Wend., 198, 206 *et seq.; Conover* v. *Devlin*, 24 Barb. R., 636, 641.)

*C. Frost*, for the relator, respondents.

GILBERT, J.:

A motion to supersede or quash a writ of *certiorari* is proper, when it has issued after the lapse of too long a period of time, or in behalf of one who has no interest in the relief sought, or irregularly, or without proper cause being shown therefor, or when for any reason it appears that the writ was improvidently issued.

Generally speaking, a trial of the merits of the case should not be

allowed, otherwise than upon the return to the writ. (*Comstock v. Porter*, 5 Wend., 98.) But to that, as to almost every rule, there are exceptions, and we think this case presents one. The cause shown for the writ is twofold. 1. That the action of the State board was illegal, because one of the members of the board participated in its decision referred to in the writ, without meeting with his colleagues, and without having been notified to attend the meeting of the board, and 2. That that board considered the equalization of the value of real estate only, and excluded the valuation of personal property.

It appears that Mr. Briggs, the absent member of the board, was duly notified to attend. Such notice having been given, the other members of the board were expressly authorized by statute to act in his absence. (L. 1859, ch. 312, § 6.) The participation of Mr. Briggs in the decision did not vitiate the proceeding. The powers and duties now exercised by the board of State assessors, in respect to appeals from the determinations of the boards of supervisors in the equalization of assessments for taxes was originally devolved upon the comptroller by the act of 1859 before cited. By section 13 of that act it was provided that the proofs on which the comptroller was to decide, might be presented in the form of affidavit or otherwise, as he should direct. This provision is still in force, although the powers and duties formerly belonging to the comptroller have been transferred to the State assessors. (L. 1874, ch. 351, § 5.) This court held in *The People* v. *Hillhouse* (1 Lans., 87), that the comptroller was authorized to act upon proofs taken in his absence before a referee. *A fortiori*, one member of a board may act upon proofs taken before his colleagues in his absence.

We are also unable to discover any ground on which the board of supervisors could properly obtain this writ. Neither that board, nor the county whose representative it is, has any interest in the relief sought by the writ. Nor does it appear that they sued out the writ in behalf of the towns which have been affected by the decision of the State assessors, or any owner of property therein. Those towns, and the taxpayers therein, are the only parties that can have been aggrieved by that decision. In the equalization of assessments boards of supervisors act judi-

cially in the performance of a public duty. The appeal to the State assessors is simply a proceeding to review their determination. The office of the writ of certiorari is analogous to that of a writ of error. · The only purpose it can accomplish is the correction of errors in the proceedings brought up for review. It would certainly be anomalous to allow the tribunal whose determination has been modified or reversed, to prosecute such a writ. As well might an inferior court, prosecute an appeal or certiorari to review the judgments of a superior court. We think that none but an aggrieved party can claim that writ. (5 Wait Pr. 467; *People ex rel. Sheridan* v. *Andrews*, 52 N. Y., 448–9), and that the board of supervisors is not such a party.

The order appealed from should be reversed. and the writ should be quashed with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order reversed and writ quashed with costs.